**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **L.H.-1 and K.H.**

**No. 25-336** (Harrison County CC-17-2024-JA-54 and CC-17-2024-JA-55)

## MEMORANDUM DECISION

Petitioner Father L.H.-2[1] appeals the Circuit Court of Harrison County's April 28, 2025, order terminating his parental rights to L.H.-1 and K.H., arguing that termination was not necessary for the welfare of the children.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In May 2024, the DHS filed a petition alleging that the petitioner neglected L.H.-1 and K.H.[3] Specifically, the DHS alleged that, after the petitioner left L.H.-1 (then four years old) and K.H. (then three years old) home alone, the children were found by a passerby standing on the side of the road and yelling for help. At the August 2024 adjudicatory hearing, the petitioner represented to the court that the DHS's evidence regarding the May 2024 incident and his drug use was sufficient to support a finding that he neglected the children by subjecting them to unsafe conditions and that he did not contest adjudication. The circuit court adjudicated the petitioner of neglecting the children on that basis. Subsequently, the petitioner moved for and was granted a post-adjudicatory improvement period in September 2024. At the request of the DHS, the terms of the improvement period included requirements that the petitioner complete inpatient substance abuse treatment and comply with any discharge recommendations.

At a dispositional hearing in April 2025, the circuit court took judicial notice of the prior proceedings and admitted a drug screen report for the petitioner into evidence without objection.

---

[1] The petitioner appears by counsel Jonathan Fittro. The West Virginia Department of Human Services ("DHS") appears by counsel Attorney General John B. McCuskey and Assistant Attorney General Lee Niezgoda. Counsel Ashley Joseph Smith appears as the children's guardian ad litem.

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e). Additionally, because one of the children and the petitioner share the same initials, we refer to them as L.H.-1 and L.H.-2, respectively.

[3] The proceedings below included a child and adult respondents who are not at issue in this appeal.

The court then heard testimony from a Child Protective Services worker and the petitioner.[4] Based upon the evidence presented, the court found that the petitioner was attending parenting classes, but had not completed them, and had completed a substance abuse program. However, the court also found that the petitioner failed to complete a required parental fitness evaluation, missed forty of sixty scheduled drug screens, and tested positive for methamphetamine throughout the proceedings, with his last ten drug screens being positive. While the petitioner asserted that he "substantially complied with the terms and conditions of his improvement period" and that his positive drug screens were the result of his exposure to other individuals' substance abuse, the court found that this explanation was "not credible." Based upon these findings, the court concluded that the petitioner failed to remediate the conditions leading to the filing of the petition and, as a result, there was no reasonable likelihood that the petitioner could correct the conditions of neglect in the near future. The court further determined that termination of the petitioner's parental rights was in the best interests of the children, considering the children's need for permanency and stability, and that continuation in the petitioner's home would be contrary to the children's welfare. Accordingly, the court terminated the petitioner's parental rights to L.H.-1 and K.H.[5] It is from this dispositional order that the petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, the petitioner argues that the circuit court erred in terminating his parental rights because termination was not necessary for the children's welfare. West Virginia Code § 49-4-604(c)(6) permits a court to terminate parental rights "[u]pon a finding that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future and, *when necessary for the welfare of the child*." (emphasis added). In support of his argument, the petitioner asserts that the circuit court "provide[d] no explanation for why termination [was] necessary for the welfare of the child." However, the dispositional order clearly shows that the court considered the children's welfare in terminating the petitioner's parental rights, including their need for "permanency and stability." Further, the court determined that continuation in the petitioner's home would be contrary to the welfare and best interests of the children based on the petitioner's continued substance abuse throughout the proceedings. We have long held that the paramount goal of abuse and neglect proceedings is to facilitate "safe, stable, secure permanent homes for abused and/or neglected children." *In re Emily*, 208 W. Va. 325, 337, 540 S.E.2d 542, 554 (2000). As such, the petitioner is entitled to no relief on this basis.

In further support of his argument, the petitioner asserts that the court could have imposed an "alternative disposition" and granted legal guardianship to the children's kinship placement, rather than terminating his parental rights. However, this argument ignores this Court's prior holding that a circuit court may terminate parental rights "without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia

---

[4] The petitioner did not include a transcript of the dispositional hearing in the appendix record on appeal.

[5] The court also terminated the mother's parental rights to the children. The permanency plan for the children is adoption in their current placement.

2

Code § 49-4-604(c)(6)] that conditions of neglect or abuse can be substantially corrected." Syl. Pt. 5, in part, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (quoting Syl. Pt. 2, *In re R.J.M.*, 164 W. Va. 496, 266 S.E.2d 114 (1980)). The petitioner does not challenge the circuit court's finding that there was no reasonable likelihood that he could correct the conditions of neglect in the near future, and this finding is supported by the record. Further, allowing the petitioner to retain his parental rights under these circumstances would jeopardize the child's permanency. *See In re Kristin Y.*, 227 W. Va. at 571, 712 S.E.2d at 68 (reversing order granting a guardianship under West Virginia Code § 49-4-604(c)(5) upon finding that it "deprives the children of permanency they need, want, deserve and are entitled to have"). Accordingly, we conclude that the circuit court did not err in terminating the petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its April 28, 2025, dispositional order is hereby affirmed.

Affirmed.

**ISSUED**: March 3, 2026

**CONCURRED IN BY**:

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III